UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
YASMEYA MEHMETI,

        Plaintiff,      NOT FOR PUBLICATION

    v.            **MEMORANDUM & ORDER**
                  20-CV-1493 (MKB)

DETECTIVE DONALD BROWN, NEW YORK
CITY BOARD OF EDUCATION, NEW YORK
CITY POLICE DEPARTMENT, and NEW YORK
CITY DEPARTMENT OF JUVENILE JUSTICE,

        Defendants.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Plaintiff Yasmeya Mehmeti, proceeding *pro se*, commenced the above-captioned action on March 16, 2020 against Defendants Detective Donald Brown, New York City Board of Education ("BOE"), New York City Police Department (the "NYPD"), and New York City Department of Juvenile Justice ("Juvenile Justice"), asserting claims pursuant to 42 U.S.C. § 1983. (Compl., Docket Entry No. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (IFP Mot., Docket Entry No. 5.) For the reasons discussed below, the Court dismisses the action against the NYPD, BOE, and Juvenile Justice, and allows the action to proceed against Detective Brown.

 **I. Background**

  The Court assumes the truth of the factual allegations in the Complaint for the purpose of this Memorandum and Order.

  Plaintiff alleges that she was "brutally attack[ed], sexually, physically, and mentally by Detective Donald Brown." (Compl. 4.) The attacks began when Detective Brown and his

partner took Plaintiff to Family Court when she was approximately thirteen years old in "Jan[uary] 1997" and also alleges that the conduct continues to the "present." (*Id.*) Plaintiff further alleges that Detective Brown "continued to stalk [her] life for years," and that she suffers ongoing trauma. (*Id.* at 5.)

Plaintiff requests monetary damages of "sixteen [illegible] million dollars." (*Id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, a court must be mindful that a plaintiff's pleadings must be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

Similarly, the Prison Litigation Reform Act requires the court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *Abbas*, 480 F.3d at 639 (discussing *sua sponte* standard of review under section 1915A for actions filed by prisoners).

    **b.   Plaintiff cannot bring an action against the NYPD**

The Court dismisses Plaintiff's claim against the NYPD because it is not a suable entity.

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter, ch. 17 § 396. This provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (per curiam); *see also Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) ("It is well settled in this [c]ourt that, as a general matter, agencies of New York City are not suable entities in § 1983 actions."). Because the NYPD is an agency of the City of New York it is not amenable to suit, and any action against it must instead be brought against the City of New York. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *Morris v. N.Y.C. Police Dep't*, 59 F. App'x 421, 422 (2d Cir. 2003) (affirming dismissal of claims asserted against the NYPD due to its non-suable-entity status). Accordingly, the Court dismisses Plaintiff's claims against the NYPD.

  **c. Plaintiff fails to state a claim against BOE and Juvenile Justice**

Although Plaintiff names BOE and Juvenile Justice as Defendants, she does not include any allegations against these entities. Accordingly, the Court dismisses her claims against BOE and Juvenile Justice for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

  **d. Plaintiff's claim against Detective Brown may proceed**

Based on the factual allegations in the Complaint, Plaintiff's claims against Detective Brown may proceed.

### III. Conclusion

Accordingly, the Court dismisses the claims against NYPD, BOE, and Juvenile Justice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is respectfully directed to issue a summons against Defendant Detective Brown and send a courtesy copy of this Memorandum and Order to the Special Federal Litigation Division of the New York City Corporation Counsel. Administrative Order No. 2020-12 suspends the United States Marshals Service's service of process during the current Covid-19 emergency. However, once service of process is reinstated, the United States Marshal shall serve the Summons, Complaint, and this Memorandum and Order upon Defendant Detective Brown. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at the following address: Rose M. Singer Center, 19-19 Hazen Street, East Elmhurst, NY 11370. The Court refers this matter to Magistrate Judge Lois Bloom for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: July 29, 2020
      Brooklyn, New York

                        SO ORDERED:

                        _____s/ MKB_____
                        MARGO K. BRODIE
                        United States District Judge